IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHELE COVAIS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 07-742 (GMS) |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **NEW CASTLE COUNTY; RICHARD** | : | |
| **TRALA, INDIVIDUALLY AND IN HIS** | : | |
| **OFFICIAL CAPACITY,** | : | |
| | : | |
| Defendants. | : | |

## ANSWER OF NEW CASTLE COUNTY AND
## RICHARD TRALA IN HIS OFFICIAL CAPACITY

1. Answering Defendants lack information and belief sufficient to answer the allegations in paragraph 1 of the Complaint, and, therefore, deny such allegations.

2. Admitted only that Defendant New Castle County ("County") is a county in the State of Delaware and that the New Castle County Police Department ("NCCPD") is a department of the County.

3. Admitted only that Richard Trala was a police officer for the NCCPD on November 21, 2005.

4. Admitted only that plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343, and 1367. The remaining allegations in paragraph 4 of the Complaint state conclusions of law to which no response is required and which therefore are denied.

5. Admitted upon information and belief.

6.  Admitted only that on November 21, 2005, plaintiff contacted the NCCPD. Defendants lack information and belief sufficient to answer the remaining allegations in paragraph 6 of the Complaint, and, therefore, deny such allegations.

7.  Admitted only that Defendant Officer Trala was dispatched to plaintiff's residence on November 21, 2005.

8.  Denied as stated. Admitted only that Officer Trala was dispatched to plaintiff's residence. The remaining allegations contained in paragraph 8 of the Complaint state conclusions of law to which no response is required and which therefore are denied.

9.  Denied.

10. Denied.

11. Answering defendants incorporate the responses to paragraphs 1 through 10 by reference as though fully set forth herein.

12. Denied.

13. Denied.

14. Answering defendants incorporate the responses to paragraphs 1 through 13 by reference as though fully set forth herein.

15. Denied.

16. Denied.

17. Answering defendants incorporate the responses to paragraphs 1 through 16 by reference as though fully set forth herein.

18. Denied.

19. Denied.

Defendants deny any allegations which have not been specifically admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims alleged in the complaint fail to state a federal or state claim upon which relief can be granted.

### Second Affirmative Defense

The claims alleged in the complaint may be barred by applicable statutes of limitation.

### Third Affirmative Defense

The claims alleged in the complaint are barred by the County and Municipal Tort Claims Act, 10 *Del.C.* § 4010, *et seq.*

### Fourth Affirmative Defense

Plaintiff's damages, if any, are limited by 10 *Del.C.* § 4013, *et seq*.

### Fifth Affirmative Defense

Answering defendants are immune from liability for punitive damages.

### Sixth Affirmative Defense

Answering defendants were not negligent, reckless, willful, wanton, unlawful or malicious.

### Seventh Affirmative Defense

Any damages or injuries, constitutional or otherwise, suffered by plaintiff, to the extent actually incurred, were not caused by any conduct, action, inaction, policy, practice, custom or deliberate indifference of or by answering defendants.

### Eighth Affirmative Defense

The actions and conduct of answering defendants, to the extent they occurred as alleged, were undertaken in a good faith performance of official duties, without wantonness or malice, and were therefore, privileged under applicable law.

**Ninth Affirmative Defense**

Plaintiff is not entitled to the relief petitioned for in the complaint or any other relief by virtue of the matters set forth in the complaint.

**Tenth Affirmative Defense**

Richard Trala did not act under color of law with respect to the acts alleged by plaintiff.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred against New Castle County because it has no *respondeat superior* liability with respect to any of the wrongful acts alleged.

WHEREFORE, answering defendants respectfully request that this Honorable Court dismiss the Complaint with prejudice, enter judgment in their favor, and award attorneys fees, costs of suit and other such relief as the Court deems just and proper.

>                                NEW CASTLE COUNTY LAW DEPARTMENT
>
>                                     /s/    *Megan Sanfrancesco*
>                                Megan Sanfrancesco (# 3801)
>                                87 Reads Way
>                                New Castle, DE  19720
>                                (302) 395-5130
>                                *Attorney for Defendants New Castle County and*
>                                *Richard Trala in his official capacity*

Date:  April 21, 2008